Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON NELSON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>PREMIUM CHOICE INSURANCE SERVICES, a California limited liability company, EUGENE AGRANOVICH, an individual, and JOHN DOE, an unknown business entity,<br><br>　　　　　Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1. Plaintiff JON NELSON ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant PREMIUM CHOICE INSURANCE SERVICES, ("Premium Choice") Defendant EUGENE AGRANOVICH ("Eugene Agranovich") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of calling cellular telephones of consumers and playing prerecorded voice messages, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Premium Choice is loan provider. As a part of their marketing, Premium Choice called thousands of consumers and played a prerecorded voice message advertising their services.

3. Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Class.

CLASS ACTION COMPLAINT      1      Case No. _____

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Jon Nelson is a natural person and is a citizen of Iowa.

9. Defendant Premium Choice Insurance Services is a California limited liability company with its principal place of business at 16501 Ventura Blvd, Suite 400, Encino, California 91436.

10. Defendant Eugene Agranovich is an individual who resides in Los Angeles, California.

11. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has general jurisdiction over because Defendants reside in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant Premium Choice provides loan services.

16. Defendant Eugene Agranovich hired John Doe to place calls to thousands of phones numbers of Plaintiff and the Class.

17. The calls played an artificial or prerecorded voice message advertising Defendants' services.

18. Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

19. On or around April 21, 2022, he received an incoming call on his cell phone from the phone number (402) 207-6661.

20. When Plaintiff answered the phone, he heard a prerecorded voice talking about working capital.

21. To identify the caller, Plaintiff stayed on the line and was connected with a sales representative from Premium Choice.

22. Plaintiff also received a solicitation email from Premium Choice who attempted to sell Defendants' loans.

23. On July 7, 2022, Plaintiff sent a letter requesting Defendants' telemarketing policy, but Plaintiff never received a response.

24. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions.

25. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

26. In addition to causing statutory damages, these illegal text(s) caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff, and caused Plaintiff's attorney to mail letters to Premium Choice requesting that it stop calling.

## CLASS ALLEGATIONS

27. Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the class defined as follows:

> **Class**.  All persons who: (1) from the last 4 years to present (2) whose cellular phones were called (3) and played an artificial or prerecorded voice (3) to promote Defendants' products or services;

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. Numerosity: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class may be identified through Defendants' records.

30. Typicality: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

31. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32. Policies Generally Applicable to the Class: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to

ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the phone calls played an artificial or prerecorded voice;
   b. Whether Defendants obtained written express consent prior to the calls;
   c. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

34. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the TCPA Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Plaintiff and the TCPA Class members received unsolicited phone calls to their cellular telephones.

37. The calls played an artificial or prerecorded voice advertising Defendants' loan services.

38. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

39. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

40. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violation of 47 CFR § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(On behalf of Plaintiff and the Class)**

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. 47 CFR 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

43. Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

44. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

47. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

48. Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

### THIRD CAUSE OF ACTION
### Unlawful Prong of California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200
### (On behalf of Plaintiff and the Class)

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

47. Each of Defendants' violations of 47 U.S.C. § 227(b) and 47 CFR § 64.1200(d)(1) vis a vis Plaintiff and the Class as described herein all constitute separate and cumulative violations of unlawful prong of § 17200.

48. Plaintiff has and continues to incur damages that are actual and recognized by statute.

49. Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

50. Plaintiff is also entitled to injunctive relief under this section.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JON NELSON, individually and on behalf of the Class, prays for the following relief:

a. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

b. An order declaring that Defendants' actions, as set out above, violate the TCPA;

c. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

d. An order declaring that Defendants' actions, as set out above, violate the unlawful prong of Bus. & Prof. § 17200;

e. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

f. An award of actual damages and/or statutory fines and penalties;

g. An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

h. Such other and further relief that the Court deems reasonable and just.

Dated: August 24, 2022            Respectfully submitted,

By:   /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*